UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASAF EREZ,<br><br>           Plaintiff,<br><br>    v.<br><br>CHAD STEUR d/b/a CHAD STEUR LAW, LLC; CHAD STEUR LAW, LLC,<br><br>           Defendants. | Case No. C12-2109RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT |

## I.    INTRODUCTION

This matter comes before the Court on the parties' Cross-Motions for Summary Judgment. Dkts. #29 and #30. The parties seek judgments as a matter of law with respect to alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Having reviewed the record before it, and neither party having requested oral argument on its motion, the Court GRANTS IN PART and DENIES IN PART the parties' motions as discussed herein.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d

ORDER
PAGE - 1

547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

### III.   BACKGROUND

The sequence of events leading up to the matters at issue in this case is undisputed. On December 11, 2012, Plaintiff filed an Amended Complaint, alleging several violations of FDCPA. Dkt. #3. The parties do not dispute that Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3), Plaintiff's alleged debt is a consumer debt as defined by 15. U.S.C. § 1692a(5), and Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6). On May 25, 2012, Defendants sent a letter to Plaintiff in an attempt to collect a debt. Dkt. #29-2 at ¶ 3 and Ex. A. More than 30 days later, Defendants left two voice mail messages for Plaintiff. The first message was as follows:

> Asaf, my name is Courtney calling with Chad Steur Law. I do need a return call from you today, toll free is 1-877-209-4155 and extension 225.

Dkts. #3 at ¶ 15 and Ex. A and #5 at ¶ 15. The second message was as follows:

> Hi, this message is for Asaf Erez, this is Ruben with Chad Steur Law office. If you could please give us a call at 877-209-4155, my extension number is 252. Thank you.

ORDER
PAGE - 2

Dkts. #3 at ¶ 15 and Ex. B and #5 at ¶ 15.

On September 11, 2012, Adam Hill, an attorney, sent an email to Chad Steur alerting him that he represented Mr. Erez, alleging that the two voice mails violated FDCPA and seeking resolution of the matter. Dkt. #29-2, Ex. C. Defendants responded to counsel on September 26, 2012, acknowledging the communication from Mr. Hill. Dkts. #3 at ¶ 21 and #5 at ¶ 21. Despite Plaintiff's representation by counsel, Defendants subsequently sent a letter directly to Plaintiff on October 3, 2012, in an attempt to collect the alleged debt. Dkts. #3 at ¶ 22, #5 at ¶ 22 and #30, Ex. A. Defendants also placed two more phone calls to Plaintiff, on December 3 and 5, 2012, which stated, respectively:

> Asaf Erez, Mandy with Steur Law Office, return my call today toll free 1-800-460-6141, extension 221.

> Asaf Erez, Mandy with Steur Law Office, would you return my call today toll free 1-800-460-6141, extension 22 . . .

Dkts. #3 at ¶ 24 and Exs. D and E, #5 at ¶ ¶ 24 and 26, and #30, Ex. A.

### IV.   DISCUSSION

Plaintiff now moves for summary judgment on two bases: first, he asserts that Defendants violated FDCPA by continuing to contact him even after they knew he was represented by counsel; and second, that Defendants' failure to identify themselves as debt collectors in the four voice mails left after May 2012 also violated FDCPA because they were deceptive. Defendants also cross-move for summary judgment with respect to the attempted contacts with Plaintiff after learning he was represented by counsel under the *bona fide* error defense. In addition, they argue that the failure to identify themselves as debt collectors in the voice mails was of no import because Plaintiff knew who they were and why they were calling.

ORDER
PAGE - 3

**A. FDCPA Claim**

Plaintiff alleges that Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of a debt. Dkt. #3 at ¶ ¶ 28 b. and c. Specifically, Plaintiff alleges that Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt, and that Defendant violated § 1692e(11) of the FDCPA because Defendants failed to disclose in a communication with Plaintiff that they are debt collectors. *Id.*

"[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). It prohibits and imposes strict liability and both statutory and actual damages for a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). The Ninth Circuit has continuously instructed that the FDCPA is to be construed liberally in favor of the consumer. *Id.*

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute provides a non-exhaustive list of conduct that is a violation of § 1692e, including:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

ORDER
PAGE - 4

15 U.S.C. § 1692e(11). Most courts that have considered the issue have concluded that "voicemails are communications that must conform to the disclosure requirements of section 1692e(11)." *Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1189 (W.D. Wash. 2011) (collecting cases, including those within the Ninth Circuit).

A debt collector's liability under § 1692e is an issue of law for the Court. *Gonzales v. Arrow Financial Servs., Inc.*, 660 F.3d 1055, 1061 (9th Cir. 2011). When determining whether certain conduct violates § 1692e, the Court undertakes an objective analysis, and considers whether "the least sophisticated debtor would likely be misled by a communication." *Donohue*, 592 F.3d at 1030. Because the FDCPA is a remedial statute, it is construed liberally in favor of the consumer.

In this case, although the plain language of § 1692e(11) requires a debt collector to identify him- or herself as such in all communications following the initial communication with a consumer, and it is undisputed that Defendants failed to do so with respect to the voicemail messages at issue in this matter, Defendants appear to argue that summary judgment should not be granted in favor of Plaintiff because he was fully aware that Chad Steur Law Office was a debt collector. *See* Dkts. #29, #32 and #33. The Court is not persuaded.

The Courts of the Ninth Circuit have held that the failure of a debt collector to identify himself as such in *all* communications following the initial communication with a consumer is a violation of § 1692e(11). *See*, *e.g.*, *Forkum v. Co-Operative Adjustment Bureau, Inc.*, U.S. Dist. LEXIS 70693 (N.D. Cal. May 21, 2014); *Pasquale v. Law Offices of Nelson & Kennard*, 940 F.Supp.2d 1151, 1158 (N.D. Cal. 2013); *Savage v. NIC, Inc.*, 2009 U.S. Dist. LEXIS 65071 (D. Ariz. July 28, 2009); *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal. 2008); *Hosseinzadeh v. M.R.S. Associates., Inc.*, 387 F.Supp.2d 1104, 1116 (C.D. Cal. 2005). Further,

ORDER
PAGE - 5

the Court finds that the clear and unambiguous language of the FDCPA requires a debt collector to identify himself as such in all subsequent communications with a consumer. Defendants have failed to cite any controlling authority or provide persuasive legal analysis demonstrating that summary judgment is not appropriate in this case, where they admit that they did not identify themselves as debt collectors. Accordingly, Plaintiff's motion for summary judgment on his FDCPA claim is GRANTED to the extent that it is brought under § 1692e(11).

Plaintiff next argues that Defendants violated § 1692e(10) as a matter of law for the same reasons Defendants violated § 1692e(11). Dkt. #30 at 10-1. The Court disagrees. Section 1692e(10) has been referred to as a "catchall" provision. *Gonzales*, 660 F.3d at 1062. The provision prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). As the Northern District of California has also held under similar circumstances, the Court finds that Plaintiff has failed to sustain his burden showing that he is entitled to summary judgment on this claim. *See Forkum*, *supra*. While Defendants' failure to identify themselves as debt collectors in violation of § 1692e(11) is arguably a "deceptive" means to attempt to collect a debt, Plaintiff has not provided this Court with any persuasive legal analysis demonstrating that Defendants violated § 1692e(10). Accordingly, Plaintiff's motion, to the extent it is brought under 15 U.S.C. § 1692e(10), is denied and Defendants' motion for summary judgment on that part of Plaintiff's claim is granted.

**B. Bona Fide Error**

Plaintiff also moves for summary judgment on the alleged violation of 15 U.S.C. § 1692c(a)(2), on the basis that Defendants violated that provision by communicating with

ORDER
PAGE - 6

Plaintiff after Defendants knew Plaintiff was represented by an attorney. Dkt. #3 at ¶ 28 a. Defendants have cross-moved under a *bona fide* error defense. Dkt. #29.

While FDCPA makes debt collectors liable for violations that are not knowing or intentional, it provides a "narrow exception to strict liability," for *bona fide* errors. *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). The statutory bona fide error defense provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). On such a defense, the debt collector has the burden of proof. *Reichert*, 531 F.3d at 1006. The defense requires the defendant to show that it maintains procedures to avoid errors. *Id.* A debt collector fails to meet its burden under the defense when it does not produce evidence of "reasonable preventive procedures" aimed at avoiding the errors. *Id.*

In this case, despite Plaintiff's arguments to the contrary, the Court finds that Defendants have provided sufficient evidence to meet their burden.[1] *See* Dkt. #29-2 and Exhibits thereto. Defendants have provided evidence that they utilize a computer program called Debt Master to track activities related to debt collection. *Id.* Defendants have also provided evidence that their typical policy and practice is to enter attorney information into the software system, which stops debt collection communication with the alleged debtor. *Id.* Finally, Defendants have provided evidence that the continued communication in this case occurred because of a clerical error, not an intentional effort to continue to communicate with

---

[1] The Court disregards Plaintiff's suggestions that Defendants withheld certain discovery in this matter. If Plaintiff had wanted to challenge the sufficiency of discovery responses by Defendants, he had ample opportunity to do so prior to the discovery motion deadline. However, he did not do so.

ORDER
PAGE - 7

Plaintiff as an end run about counsel. *Id.* Accordingly, Defendants' motion for summary judgment on their *bona fide* error defense is granted and Plaintiff's cross-motion regarding the same is denied.

### C. Damages, Costs, and Attorney's Fees

Finally, a Defendant debt collector who fails to comply with any provision of the FDCPA is liable to the Plaintiff in an amount equal to the sum of: (1) any actual damages sustained as a result of such failure; (2) any additional damages as the court may allow, but not exceeding $1,000; and (3) costs of the action, together with reasonable attorney's fees. 15 U.S.C. § 1692k(a). In determining the amount of liability, the court must consider, *inter alia*, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1). Here, neither party has provided argument or evidence with respect to damages, costs, or attorney's fees. As a result, the Court cannot rule on such at this time. Therefore, the Court directs the parties to provide briefing on this issue so that damages may be appropriately determined, as set forth below.

### V.   CONCLUSION

Having reviewed the parties' cross-motions for summary judgment, the responses thereto and replies in support thereof, along with all supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion for Summary Judgment (Dkt. #29) is GRANTED IN PART and DENIED IN PART. To the extent that Plaintiff's FDCPA claims are based on 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692c(a)(2), those claims are DISMISSED.

ORDER
PAGE - 8

2. Plaintiff's Motion for Summary Judgment (Dkt. #30) is GRANTED IN PART AND DENIED IN PART. The Court finds that Defendant is liable for violations of 15 U.S.C. § 1692e(11) as set forth above.

3. **Within fourteen (14) days from the date of this Order**, Plaintiff shall file a Motion for Award of Damages, not to exceed six (6) pages, addressing his entitlement to damages, costs, and attorney's fees. Plaintiff shall note the Motion for consideration no later than two Fridays after the motion is filed. Defendants shall file a response, not to exceed six (6) pages, no later than the Monday prior to the noting date. **No reply shall be filed**. Upon the completion of briefing, the Court will take this matter under consideration without oral argument.

4. Should the parties fail to file any briefing regarding damages within the timeframe above, the CLERK shall CLOSE this matter.

DATED this 13th day of November 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE