UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASAF EREZ,<br><br>Plaintiff,<br><br>v.<br><br>CHAD STEUR d/b/a CHAD STEUR LAW, LLC; CHAD STEUR LAW, LLC<br><br>Defendants. | NO. 2:12-cv-02109-RSM<br><br>PLAINTIFF'S MOTION FOR STATUTORY DAMAGES, ATTORNEY'S FEES, AND COSTS<br><br>Noting Date: December 5, 2014<br>Trial Time: 9:00 A.M.<br>Judge: Honorable Ricardo S. Martinez<br>Location: Courtroom 13206 |

NOW COMES Plaintiff, ASAF EREZ ("Plaintiff"), and pursuant to this Court's November 13, 2014 order granting summary judgment in favor of Plaintiff and against Defendants, CHAD STEUR d/b/a CHAD STEUR LAW, LLC; CHAD STEUR LAW, LLC ("Defendants"), hereby moves this Court to award Plaintiff $17,931.50, reflecting $1,000.00 in statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), $16,516.50 in attorney's fees, and $415.00 in costs of litigation.  In support thereof, Plaintiff hereby states as follows:

**I.    PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES UNDER THE FDCPA**

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Congress found such abuses by debt collectors to be serious and widespread." *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. d 643, 653 (S.D.N.Y. 2006) *citing*

PLAINTIFF'S MOTION FOR STATUTORY DAMAGES, ATTORNEY'S FEES, AND COSTS
- 1

Sharon D. Cousineau
Samwel, Cousineau & Shea, PC.
700 W Evergreen Blvd
Vancouver, WA 98660
Tel. 360-750-3789

1  15 U.S.C. § 1692(e) and *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33 (2d Cir.1996).[1]  In furtherance of this public policy, the FDCPA allows "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00." 15 U.S.C. § 1692k(2)(A).  "In awarding additional damages, the court must consider 'the frequency and persistence of [the debt collector's] noncompliance,' 'the nature of such noncompliance,' and 'the extent to which such noncompliance was intentional.'"  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 U.S. 573, 578 (2010)(*citing* 15 U.S.C. 1692k(b).

Regarding the frequency and persistence of noncompliance by the debt collector, a Defendant's noncompliance need not be voluminous in order for statutory damages to be awarded; accordingly, courts throughout the country have awarded plaintiffs the maximum amount of statutory damages based upon a single communication.  *See*, e.g., *Crossley v. Lieberman*, 868 F. 2d 566 (3d Cir. 1989)(consumer awarded $1,000.00 based on single letter in violation of §1692e; *Kaylor-Trent v. John C. Bonewicz, P.C.*, , 910 F. Supp. 2d 1112 (C.D. Ill. 2012)(consumer awarded $1,000.00 based on single voicemail message which did not identify caller).  Although Defendant's violation was contained in a single voicemail message, that fact alone does not preclude Plaintiff from an award for the maximum amount of statutory damages.

Regarding the nature of the debt collector's noncompliance, Defendant committed a *per se* violation of the FDCPA, as the plain text of 15 U.S.C. § 1692e(11) prohibits debt collectors from engaging in false, deceptive, or misleading practices, including "the failure to disclose in subsequent communications that the communication is from a debt collector."

---

[1] Pursuant to the express intent of Congress in enacting the FDCPA, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

PLAINTIFF'S MOTION FOR
STATUTORY DAMAGES, ATTORNEY'S FEES,
AND COSTS
   - 2

Sharon D. Cousineau
Samwel, Cousineau & Shea, PC.
700 W Evergreen Blvd
Vancouver, WA 98660
Tel. 360-750-3789

Finally, Defendant cannot argue that its conduct was unintentional or the result of a mistake, as § 15 U.S.C. § 1692k(c) of the FDCPA allows debt collectors to invoke the bona fide error defense for violations that occur as the result of a mistake. In the present matter, this Court rejected Defendant's bona fide error defense as it pertains to Plaintiff's 1692e(11) claim. Accordingly, these three factors demonstrate that Plaintiff is entitled to a maximum statutory damages award of $1,000.00 under the FDCPA.

## II. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND COSTS PURSUANT TO THE FDCPA

The specific statutory language of the FDCPA, and the public policy considerations in support of this Act, entitle Plaintiff to the recovery of attorney's fees and costs in this matter. 15 U.S.C. §1692k(a) states:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

*Id.* (emphasis added). Pursuant to this specific language, the federal courts have long recognized the importance of the fee-shifting provision of the FDCPA, as well as the public policies behind it. In *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995), the court affirmed that a separate award for costs and fees is mandatory. The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991) (noting that the FDCPA mandates an award of attorneys fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general). Thus, the FDCPA mandates that the recovery of Plaintiff's attorney's fees and costs is integral to the success of the policy goals of the FDCPA. Here, Plaintiff has prevailed on his 1692e(11) claim on summary

PLAINTIFF'S MOTION FOR STATUTORY DAMAGES, ATTORNEY'S FEES, AND COSTS
- 3 -

Sharon D. Cousineau
Samwel, Cousineau & Shea, PC.
700 W Evergreen Blvd
Vancouver, WA 98660
Tel. 360-750-3789

judgment, and thus, Plaintiff should be awarded reasonable attorney's fees and costs as determined by this Court.

### III. THE RATES SOUGHT BY PLAINTIFF'S ATTORNEYS ARE REASONABLE AND COMMENSURATE WITH THEIR EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION

Plaintiff seeks an award of attorney's fees and costs in the amount of $16,931.50 that is comprised of 45.0 hours of attorney time at hourly rates ranging from $290.00 per hour to $387.00 per hour, 2.5 hours of paralegal time at an hourly rate of $145.00 per hour, and $415.00 in costs of litigation. *See* Statement of Services attached hereto as Exhibit 1. Specifically, Plaintiff seeks to recover attorney's fees for Ryan Lee at a rate of $387.00 per hour for 32.0 hours, attorney's fees for Douglas Baek at a rate of $290.00 per hour for 11.6 hours; attorney's fees for Sharon Cousineau at a rate of $290.00 per hour for 1.4 hours, and paralegal time at a rate of $145.00 per hour for 2.5 hours.[2] The experience of the attorneys that worked on behalf of Plaintiff is detailed in the declarations and biographies of attorneys, attached as Group Exhibit 2.

The 2011 Consumer Law Attorney Fee Survey, attached as Exhibit 3, supports the billing rates requested as the average billing rate data in the survey, grouped by both region and years in practice, is consistent with those rates. For example, on page 38, the average billing rate for firms with fewer than 5 attorneys in the Pacific Region is $300.00 per hour and the 95% median was $500.00. *See* Exhibit 3 at page 38. This median rate is commensurate with the rate requested for each of Plaintiff's attorneys, and Plaintiff's requested rates are also far below the 95% median. *See* Statement of Services attached hereto as Exhibit 1. Additionally, as the case at bar was filed pursuant to a federal remedial statute, rates charged by other attorneys practicing federal law as reflected in the "Laffey Matrix" may be compared to determine an appropriate rate. *See Laffey v.*

---

[2] Attorney Douglas Baek, who worked on this case during the relevant time period as reflected in Plaintiff's itemized time entries, is no longer employed with Krohn & Moss, Ltd.

PLAINTIFF'S MOTION FOR
STATUTORY DAMAGES, ATTORNEY'S FEES,
AND COSTS
- 4

Sharon D. Cousineau
Samwel, Cousineau & Shea, PC.
700 W Evergreen Blvd
Vancouver, WA 98660
Tel. 360-750-3789

1  *Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983) (Laffey Matrix attached hereto as
2  Exhibit 4).  In *Laffey*, the court compared rates of attorneys practicing federal claims with fee-
3  shifting provisions to reach a hybrid rate.  *Id*.  The court's analysis in *Laffey* was taken one step
4  further by the Civil Division for the United States Attorney's Office to reflect how rates have
5  changed over the years due to inflation.  *Id.* As evidenced by the Consumer Law Attorney Fee
6  Survey and the Laffey Matrix, the rates requested by Plaintiff's Attorneys are reasonable.

7  Furthermore, the hourly rates requested by Plaintiff's attorneys have been found to be
8  reasonable by Federal District Courts in the Ninth Circuit based upon the United States Consumer
9  Fee Survey and the "Laffey Matrix." *See*, e.g., *Castro v. Commercial Recovery Systems, Inc.*, N.D.
10 Cal. Case No. 5:13-cv-02555 at 10 ("...[T]aking the cited data as a whole, Castro's attorney's
11 asserted rate of $387.00 appears to be reasonable because it falls within ranges shown in the data
12 and matches the Survey Report rate for California attorneys in 2011 (order granting default
13 judgment attached hereto as Group Exhibit 5)); *Davis v. Hollins Law, P.C.*, E.D. Cal. Case No.
14 2:12-CV-03107-LKK-AC at 7-12 (June 12, 2014(order granting hourly rates of $290.00 for Douglas
15 Baek and $387.00 for Ryan Lee based on survey evidence attached hereto as Group Exhibit 5));
16 *Forkum v Co-Operative Adjustment Bureau, Inc.*, N.D. Cal. Case No. 13-0811(August 4, 2014)(
17 order granting hourly rate of $387.00 for Ryan Lee based on survey evidence attached hereto as
18 Group Exhibit 5)).  Accordingly, this Court should find the hourly rates requested by Plaintiff's
19 attorneys to be reasonable based upon the survey evidence presented.

20 **IX.    CONCLUSION**
21 Plaintiff respectfully requests this Honorable Court to award Plaintiff $17,931.50, reflecting
22 $1,000.00 in statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692 *et seq.* ("FDCPA"),
23 $16,516.50 in attorney's fees, and $415.00 in costs of litigation.

PLAINTIFF'S MOTION FOR
STATUTORY DAMAGES, ATTORNEY'S FEES,
AND COSTS
- 5

Sharon D. Cousineau
Samwel, Cousineau & Shea, PC.
700 W Evergreen Blvd
Vancouver, WA 98660
Tel. 360-750-3789

| | | |
|---|---|---|
| 1 | Date: | RESPECTFULLY SUBMITTED, |
| 2 | | By: /s/ Sharon D. Cousineau |
| | | Sharon D. Cousineau |
| 3 | | Samwel, Cousineau & Shea, PC. |
| 4 | | 700 W Evergreen Blvd |
| | | Vancouver, WA 98660 |
| 5 | | Tel. 360-750-3789 |
| | | Attorney for Plaintiff, |
| 6 | | ASAF EREZ |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System. A copy of said Notice was electronically submitted to all parties by the Court's CM/ECF system.

/s/ Sharon D. Cousineau
Sharon D. Cousineau

PLAINTIFF'S MOTION FOR STATUTORY DAMAGES, ATTORNEY'S FEES, AND COSTS - 6

Sharon D. Cousineau
Samwel, Cousineau & Shea, PC.
700 W Evergreen Blvd
Vancouver, WA 98660
Tel. 360-750-3789